■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE ELMER FULLER, Appellant.— Order unanimously reversed and motion granted to the extent of vacating the sentence and matter remitted to Wayne County Court for resentence. Memorandum: Defendant appeals from an order of Wayne County Court which denied his *coram nobis* petition to vacate a judgment convicting him, on his plea of guilty, of the crimes of rape first degree and assault. The petition should have been granted to the extent of vacating the sentence because the court failed to comply with section 2189-a of the Penal Law when sentence was imposed upon defendant. Although the psychiatrists made the report to the court required by section 662 of the Code of Criminal Procedure certifying that defendant was not in such a state of insanity as to be incapable of understanding the charge against him or of making his defense, there was no report made complying with section 2189-a of the Penal Law containing all facts and findings necessary to assist the court in imposing sentence, as required by section 2189-a, showing defendant's sexual inclinations and proclivities. There must be a proper psychiatric examination and report in every case in which a sentence of from one day to life may be imposed regardless of whether such sentence is in fact imposed. (*People* v. *Spry*, 5 A D 2d 835; *People* v. *Kinney*, 19 A D 2d 576) and *coram nobis* will lie to vacate a sentence imposed without such an examination (*People* v. *Smith*, 22 A D 2d 333; *People* v. *Mills*, 18 A D 2d 960). The judgment insofar as it imposed

sentence should be reversed and the matter remitted to Wayne County Court for resentence. Prior to resentence a psychiatric examination and report pursuant to section 2189-a of the Penal Law should be had which will provide the sentencing Judge with a current report pertinent to the statutory purpose. (Appeal from order of Wayne County Court, denying, following a hearing, motion to vacate a judgment of conviction for rape, first degree and assault second degree, rendered October 21, 1960.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.